419 F.2d 757
 MUNICIPAL ELECTRIC ASSOCIATION OF MASSACHUSETTS et al., Petitioners,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent,
Vermont Yankee Nuclear Power Corp., Intervenor.
MUNICIPAL ELECTRIC ASSOCIATION OF MASSACHUSETTS et al., Petitioners,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent,
Maine Yankee Atomic Power Co., Intervenor.
 No. 22079.
 No. 22080.
 United States Court of Appeals District of Columbia Circuit.
 Argued September 8, 1969.
 Decided November 13, 1969.
 
 Mr. George Spiegel, with whom Messrs. Worth Rowley and John C. Scott, Washington, D. C., on the brief, for petitioners.
 Mr. Philip A. Loomis, Jr., General Counsel, Securities and Exchange Commission, with whom Messrs. David Ferber, Solicitor, and Aaron Levy, Associate Director, Division of Corporate Regulation, Securities and Exchange Commission, were on the brief, for respondent. Mr. Walter P. North, Associate General Counsel, and Mrs. Janet G. Gamer, Attorney, Securities and Exchange Commission, at the time the record was filed, also entered appearances for respondent.
 Mr. George H. Lewald, South Hanover, Mass., of the bar of the Supreme Judicial Court of Massachusetts, pro hac vice, by special leave of court, for intervenors. Mr. Jerome Ackerman, Washington, D. C., also entered an appearance for intervenors.
 Before FAHY, Senior Circuit Judge, and McGOWAN and TAMM, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioners Municipal Electric Association of Massachusetts, and others, now referred to as Municipals are the same parties who sought review in this court of orders of the Securities and Exchange Commission, approving the issuance by the Yankees[1] of stock to their sponsors. In Municipal Elec. Ass'n of Mass. v. Securities and Exchange Comm'n., 134 U.S.App.D.C. ___, 413 F.2d 1052 (1969),[2] decided on March 26, 1969, we set aside the orders and remanded the cases to the Commission.
 
 
 2
 Municipals' present petitions challenge the Commission's orders permitting, under Section 6(b) of the Public Utility Holding Company Act of 1935,[3] in the case of Vermont Yankee, and under Section 7 of the Act in the case of Maine Yankee, the issuance and sale of promissory notes to banking institutions to raise funds needed for interim financing of the construction of the respective power projects.[4] Municipals contend that the interest of the public, investors, and consumers mentioned in the sections referred to, which the Commission must consider in authorizing financing through the notes, includes antitrust factors, as in the case of stock acquisitions, and that the Commission erroneously denied to Municipals an evidentiary hearing on its anticompetitive allegations with respect to the financing.
 
 
 3
 Any antitrust considerations included in the public, investor and consumer interest referred to in Sections 6 and 7 of the Act, we think in all the circumstances of the present petitions might well be resolved under the terms of our remand of March 26, 1969, in Municipal Elec. Ass'n of Mass. v. Securities and Exchange Comm'n, supra. In so concluding we observe that we do not have before us the question whether the action of the Commission, of which we have been advised, in reinstating its approval of the stock acquisitions, subject to conditions to be determined, fully satisfies our March 26 decision and remand.
 
 
 4
 We accordingly deny the present petitions without prejudice to such right of review as might be appropriate with respect to further orders of the Commission in these matters.
 
 
 5
 It is so ordered.
 
 
 
 Notes:
 
 
 [1]
 Vermont Yankee Nuclear Power Corporation and Maine Yankee Atomic Power Company
 
 
 [2]
 Nos. 21707, 21822, and 21927 in this court
 
 
 [3]
 15 U.S.C. § 79et seq.
 
 
 [4]
 Vermont Yankee proposed to issue and sell $20,000,000 in promissory notes; Maine Yankee proposed a similar transaction of $30,000,000